STATE of Minnesota, by Linda C. JOHN-
SON, Commissioner, Department of
Human Rights, Appellant,

v.

SPORTS AND HEALTH CLUB, INC.,
d.b.a. LaSalle Sports & Health Club,
et al., Respondents.

No. C5–85–126.

Court of Appeals of Minnesota.

June 4, 1985.

Hubert H. Humphrey, III, Atty. Gen., Elizabeth V. Cutter, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Clyde F. Anderson, Steven Jamar, Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Minneapolis, for respondents.

Heard, considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ.

## OPINION

POPOVICH, Chief Judge.

The State appeals from an order finding the Sports and Health Club not in contempt of court and granting leave to file a petition pursuant to Minn.Stat. § 363.091. We affirm.

## FACTS

An administrative law judge found Sports and Health Club discriminated for religious reasons in employment and ordered the Club to cease and desist from engaging in discriminatory practices including (1) refusing to hire on the basis of religion; (2) refusing to promote employees on the basis of religion; (3) requiring employees to attend Bible study classes or other religious exercises; (4) taking adverse action against any employee who does not attend Bible study classes or other religious exercises; and (5) questioning prospective employees about religion.

The Minnesota Supreme Court granted the Club's petition for accelerated review and denied its motion for a stay of the decision of the hearing examiner.

Subsequently, the State moved the supreme court to order the club to show cause why it should not be held in contempt of court for failure to comply with the existing administrative orders during the pendency of the appeal. By order of November 9, 1984, the supreme court ordered that (1) all appellate proceedings shall go forward; (2) during the pendency of this matter in the supreme court, the matter is remanded to the appropriate district court

for the limited purpose of its consideration of the Department of Human Rights application to obtain enforcement of the outstanding administrative orders.

The State then requested the district court to hold the club in contempt. After a hearing, the district court held the club was not in contempt, stating that contempt is not appropriate because respondents were not in violation of a supreme court or district court order. The district court held the State should have sought enforcement through Minn.Stat. § 363.091 (1984). The district court further granted leave to the State to petition pursuant to Minn.Stat. § 363.091. The State appeals.

## ISSUES

1. Is the district court order appealable?

2. Is the district court's order without a legal basis?

3. Is the Club entitled to attorney's fees pursuant to Minn.Stat. § 549.21 (1984)?

## ANALYSIS

▪ 1. The State appeals pursuant to Minnesota Rule of Civil Appellate Procedure 103.03(e), which provides that an appeal may be taken:

from an order which, in effect, determines the action and prevents a judgment from which an appeal might be taken.

*Id.* The appealed order does not determine the action because the trial court granted leave to the State to petition for contempt pursuant to Minn.Stat. § 363.091. The scope of review in an appeal from a subsequent order based on Minn.Stat. § 363.091, however, would not necessarily include the order involved here. *See* Minn.R.Civ. App.P. 103.04. Therefore, we review this matter on the merits.

2. The State argues the district court erred when it determined the State should have sought enforcement under Minn.Stat. § 363.091 and refused to find respondents

in contempt. We agree with the district court's reasoning and decision.

Minn.Stat. § 363.091 (1984) provides for the enforcement of a final decision of the Department of Human Rights.

> When a respondent fails or refuses to comply with a final decision of the department, the commissioner may file with the clerk of district court in the judicial district in which the hearing was held a petition requesting the court to order the respondent to comply with the order of the department. Thereupon the court shall issue an order to show cause directed to the respondent why an order directing compliance should not be issued. Notwithstanding the provision of any law or rule of civil procedure to the contrary, the court shall examine at the hearing on the order to show cause all the evidence in the record and may amend the order of the department in any way the court deems just and equitable. If the panel or examiner has ordered an award of damages pursuant to section 363.071 and if the court sustains or modifies the award, it shall enter judgment on the order or modified order in the same manner as in the case of an order of the district court, as provided in section 546.27.

*Id.*

The Commissioner of the Department of Human Rights may apply to a district court for an order directing compliance. Violation of an order directing compliance could then be contempt under Minn. Stat. § 588.01, subd. 3(3) (1984), which provides that constructive contempt may arise from "disobedience of any lawful judgment, order, or process of the court." *Id.* Here the State attempted to have the club held in contempt without first applying to the district court for an order directing compliance.

The State claims the supreme court's denial of the club's motion for a stay of the administrative law judge's cease and desist order should be considered an order directing compliance. The State misinterprets the effect of the denial of a motion to stay. A stay suspends the proceedings when an appeal is perfected. When a stay is denied, however, appropriate proceedings may go forward. When the supreme court denied a stay it, in effect, permitted the State to proceed with appropriate enforcement proceedings under Minn.Stat. § 363.091. Its later order remanding the matter to the "appropriate district court for the limited purpose of its consideration of the Department of Human Rights application to obtain enforcement of the outstanding administrative orders" is consistent with its denial of a motion to stay.

While the State correctly points out this procedure requires the supreme court to review the record for the purposes of appeal and the district court to review the record for purposes of enforcement, this duplication is a legislative concern. Minn. Stat. § 363.091 clearly provides the enforcement mechanism.

3. The club contends it is entitled to an award of costs and attorney's fees pursuant to Minn.Stat. § 549.21 (1984) because the State acted in bad faith and for the purposes of harassment. There is no evidence of bad faith or harassment because a bona fide legal issue was raised.

## DECISION

The district court order, in effect, determined the action and is appealable. Enforcement of a final decision of the Department of Human Rights must be made pursuant to Minn.Stat. § 363.091. Respondents are not entitled to an award of attorney's fees.

Affirmed.